UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RADIO SYSTEMS CORPORATION,<br><br>Plaintiff,<br>v.<br><br>PROTECT ANIMALS WITH SATELLITES, LLC, KEN EHRMAN, and MICHAEL EHRMAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:23-cv-00404 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT**

Plaintiff Radio Systems Corporation ("RSC") should be permitted to amend and supplement its original Complaint (Dkt. 1) to assert factual allegations concerning Defendants Protect Animals With Satellites, LLC, Ken Ehrman, and Michael Ehrman's (collectively, the "Defendants") ongoing unfair competition and false advertising related to the Halo Collar, as well as the resulting damage to RSC and its newly launched Guardian® GPS + Tracking Dog Fence Collar (the "Guardian+ System"). Accordingly, for the reasons discussed herein, the Court should grant RSC's Motion, pursuant to Rules 15(a)(2) and (d) of the Federal Rules of Civil Procedure,[1] and permit leave to file RSC's proposed First Amended Complaint (Exhibit A to the Motion, hereinafter "Ex. A").

[1] Because its proposed First Amended Complaint includes allegations of occurrences and events that happened before and after the date of the original Complaint (Dkt. 1), RSC styles its Motion as both a motion to amend pursuant to Rule 15(a)(2) and a motion to supplement pursuant to Rule 15(d). *Compare* Fed. R. Civ. P. 15(a)(2) *with* Fed. R. Civ. P. 15(d); *see also Sunless, Inc. v. Selby Holdings, LLC*, No. 3:20-cv-930, 2021 WL 3513871, at *2–3 (M.D. Tenn. Aug. 10, 2021) (discussing motions under Rules 15(a) and 15(d)).

## I. Background

RSC initiated this action for false advertising and unfair competition with the filing of its original Complaint against the Defendants on November 9, 2023. (Dkt. 1.) Because the Defendants' false claims of market superiority with respect to the Halo Collar cause irreparable harm to RSC for as long as they are permitted to continue, RSC followed its Complaint promptly with its pending Motion for Preliminary Injunction. (Dkt. 11.) In that Motion, RSC seeks injunctive relief from the Defendants' propagation of advertising claims lacking factual support, including falsely advertising the Halo Collar as the "most accurate" GPS pet containment system available. (*See* Dkt. 12.)

The Defendants' false advertisements have persisted despite RSC's repeatedly establishing their literal falsity – in the Complaint, in letters to the Defendants' counsel, and in briefing on the Motion for Preliminary Injunction. As set forth in the allegations proposed to be added through the filing of RSC's proposed First Amended Complaint, in the seven months since this case was initiated, the Defendants have continued to falsely claim market superiority, advertising the Halo Collar as the "most accurate GPS dog fence ever created" on its website and major online advertising platforms. (Ex. A ¶ 31.) The Defendants' promotion of false claims about the Halo Collar's ability to determine a dog's location as "accurate [to] within a few feet," (*id.* ¶ 33), and as "never" providing "correction feedback to a dog that is re-entering" the Halo Collar containment area, (*id.* ¶ 34), has likewise continued. And consumers of the Halo Collar, misled by the Defendants' unsubstantiated claims, have continued to denounce the product's poor performance in negative online reviews. (*Id.* ¶¶ 48, 57.)

Occurring through the launch of RSC's new Guardian+ System, the Defendants' misconduct has caused new harm and injuries to RSC. (*Id.* ¶ 21, 52, 55.) In May 2024, RSC

debuted its new Guardian+ System, which includes a live-tracking feature, permitting users to see their dog's precise location in real time through RSC's synced mobile application. (*Id.* ¶ 21.) RSC has invested significant time and resources in the development and marketing of the Guardian+ System. Yet, RSC is incapable of reaping the full benefits of these investments because it is forced to bring its new product to a market that is plagued by consumer skepticism and distrust borne out of the Defendants' ongoing and persistent violations of false advertising and unfair competition law.

By way of recent example set forth in the proposed First Amended Complaint, on June 19, 2024, shortly after RSC's launch of the Guardian+ System, one consumer publicly lamented the Halo Collar's poor functionality, specifically as relates to its GPS technology (i.e., location accuracy). (*Id.* ¶ 57.) The experience with the Defendants' Halo Collar evidently left the consumer extremely dissatisfied and distrustful of GPS-based pet containment systems altogether. They recommended other would-be pet containment system consumers "just pay a trainer" instead of turning to RSC's competitive Guardian+ System. (*Id.*) This recent occurrence is emblematic of the new harm RSC seeks to allege in the First Amended Complaint: As their misconduct has persisted, the Defendants have further poisoned the well for GPS-based pet containment systems, causing competitive and reputational injury to RSC that is acutely felt through the unfairly stymied launch of the new Guardian+ System.

RSC respectfully requests leave to supplement the Complaint to include allegations related to these recent occurrences and new harm. In addition, RSC proposes to amend the Complaint to clarify the factual and legal issues in this case as relates to matters raised in the Defendants' Motion to Dismiss pursuant to Rule 12(b)(2). (Dkt. 25.)

## II. Argument

The Court should grant RSC leave to file its proposed First Amended Complaint. Permitting RSC to assert new factual allegations about the Defendants' continued misconduct and the resulting harm to RSC and the Guardian+ System, as well as amend its personal-jurisdiction allegations, would not result in any undue delay or prejudice, but rather would ensure that the entire controversy between the parties is resolved justly and efficiently in this one proceeding.

Outside Rule 15(a)(1)'s 21-day window for amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Pleading facts about "any transaction, occurrence, or event that happened after the date of the" initial pleading likewise requires leave of the court. Fed. R. Civ. P. 15(d). A liberal, pro-amendment ethos dominates the intent and judicial construction of Rules 15(a)(2) and (d). Wright & Miller, 6A Fed. Prac. & Proc. Civ. §§ 1484, 1504, 1510 (3d ed.). The Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Limited circumstances justify denying leave to amend under Rule 15(a)(2), namely "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of the allowance of the amendment and futility of the amendment." *Pers. Computer Sys. v. Cent. Knox, Inc.*, No. 3:11-cv-374, 2012 WL 1108245, at *1 (E.D. Tenn. Mar. 30, 2012) (granting motion to amend complaint to allege new facts learned since filing of original complaint). No such circumstances exist here. Leave to file a supplemental pleading under Rule 15(d), too, should be "'freely given,' just as leave should be freely given to good-faith, timely amendments, in the absence of a persuasive reason against granting such leave." *Sunless, Inc. v. Selby Holdings, LLC*, No. 3:20-cv-930, 2021 WL 3513871, at *3 (M.D. Tenn. Aug. 10, 2021) (quoting *Ne. Ohio Coal.*

*For the Homeless v. Husted*, No. 2:06-cv-896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015)).

RSC's motion is timely and without undue delay. RSC launched its new Guardian+ System just last month, in May 2024, and the Defendants' unfair competition and false advertising of the Halo Collar persisted through the launch and continue today. For example, the Defendants' literally false claim that the Halo Collar is the "most accurate GPS dog fence ever created" is currently promoted prominently on its website, as depicted in this snapshot:




https://www.halocollar.com/ (last visited June 28, 2024). RSC's new allegations in the proposed First Amended Complaint thus pertain to recent occurrences and neither could, nor should, have been brought sooner. Moreover, the parties have not undertaken any discovery, and no scheduling order has been entered by the Court setting any deadline for amending the pleadings. RSC's Motion is therefore timely, and allowing RSC to file the proposed First Amended Complaint would not cause undue delay. *See Pers. Computer Sys. v. Cent. Knox, Inc.*, 2012 WL 1108245, at *2–3.

RSC's purpose in moving to supplement and amend the Complaint is proper and not indicative of any bad faith or dilatory motive. In moving to add factual allegations pertaining to the Defendants' continuation of the same and related false advertising and unfair competition that are the subject of the original complaint, as well as the resulting harm to RSC and its Guardian+

System occurring since the filing of the original complaint, RSC seeks efficient adjudication of the entire controversy between the parties in this one proceeding. *See* Wright & Miller § 1504 (leave "should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties"). Justice requires, and no compelling reason prevents, granting leave for this purpose. *See Sunless, Inc.*, 2021 WL 3513871, at *2–3, 5–6 (granting leave to supplement complaint to allege plaintiff's post-filing damages where no compelling reason not to do so).

In addition, justice requires that amendments that may bear on the Court's determination of the propriety of its exercise of personal jurisdiction be allowed. In *Hoops Entertainment, LLC v. Software & Information Industry Association*, the Court granted the plaintiff leave to file an amended complaint adding new factual allegations, as well as a new cause of action. No. 1:11-cv-318, 2012 U.S. Dist. LEXIS 193754, at *4–5 (E.D. Tenn. Sept. 27, 2012). Among the plaintiff's proposed amendments were factual allegations bearing upon the propriety of the Court's exercise of personal jurisdiction, a basis upon which the defendant moved to dismiss the original complaint. *Id.* The Court reasoned that, because the amended complaint "relate[d], at least in part, to the bases for dismissal delineated in Defendant's Motion to Dismiss" and "may cure these alleged deficiencies, or . . . fundamentally change the nature of Defendant's bases for dismissal," the appropriate resolution of the two motions was to grant leave to amend and deny defendant's motion to dismiss with leave to refile. *Id.* at *5; *see also Doe v. Ross Univ. Sch. of Medicine*, No. 3:18-cv-411, 2019 WL 1383269, at *1–2 (E.D. Tenn. Mar. 27, 2019) (granting motion to amend and denying motion to dismiss without prejudice). The Court should do the same here.

No undue prejudice would be suffered by virtue of the allowance of the proposed First Amended Complaint. This case is not yet set for trial. There is no scheduling order. And the

Defendants face no deadlines with respect to any discovery or other matter relating to this case. *See Pers. Computer Sys.*, 2012 WL 1108245, at *1 (finding defendant would suffer no undue prejudice by virtue of amendment because no scheduling order yet entered). Indeed, no discovery has yet been taken in this case. Nor has RSC filed or sought amendments to any pleading in this case before now. Given the early stage of this case, and absent any previous attempts to amend, the Court should find that no undue prejudice would result from the allowance of RSC's proposed First Amended Complaint. *See Ross Univ. Sch. of Medicine*, 2019 WL 1383269, at *1 (finding no undue prejudice would result given early stage of case and plaintiff's moving to amend within months of filing original complaint).

The only remaining question is whether RSC's proposed amendment would be futile. It would not. The court's analysis of futility assesses whether the proposed amended pleading would withstand a motion to dismiss. *Pers. Computer Sys.*, 2012 WL 1108245, at *2. Here, the sole basis upon which Defendants moved to dismiss the original Complaint was for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). As explained in RSC's Opposition to Defendants' Motion to Dismiss (Dkt. 36), the factual allegations in the original Complaint establish that the Court's exercise of specific personal jurisdiction over the Defendants is proper. Yet, in addition to alleging new factual allegations in support of RSC's claims for relief (further insulating the pleading from any challenge under Rule 12(b)(6)), RSC proposes to amend the Complaint to further clarify its personal-jurisdiction allegations. That these proposed amendments address and may change the nature of the Defendant's responsive pleading militates against any finding of futility. *See Hoops*, 2012 U.S. Dist. LEXIS 193754, at *5.

## III. Conclusion

For the reasons stated, and because justice requires that the motion be granted, the Court should grant RSC leave to file its proposed First Amended Complaint.

Respectfully submitted,

/s/*John T. Winemiller*
John T. Winemiller (021084)
Ian G. McFarland (030549)
Elizabeth Harwood (037916)
Benjamin L. Dooley (041246)
MERCHANT & GOULD P.C.
800 S. Gay Street, Suite 2150
Knoxville, TN 37929
Telephone: (865) 380-5960
Facsimile: (612) 332-9081
jwinemiller@merchantgould.com
imcfarland@merchantgould.com
eharwood@merchantgould.com
bdooley@merchantgould.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2024, the foregoing document was served on all counsel of record using the Court's CM/ECF system, which will send notification of such filing to any CM/ECF participants.

*/s/John T. Winemiller*
John T. Winemiller